CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALYSSA MECOM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00244 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL JAIL, ABINGDON, *et al.*, | ) | By: Hon. Thomas T. Cullen, United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Alyssa Mecom, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Southwest Virginia Regional Jail, Abingdon ("SWVRJ-Abingdon"); Captain Tatum; and Major Kilgore. (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' motion to dismiss. (ECF No. 14). For the following reasons, the court will grant the motion.

## I. BACKGROUND

This matter stems from events that allegedly occurred while Mecom was held at SWVRJ-Abingdon, where Tatum and Kilgore are correctional officers.[1] (*See* Compl. at 1.) Mecom makes the following factual allegations in her complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Mecom alleges that on March 26, 2025, she and other inmates at SWVRJ-Abingdon were administered "faulty drug tests" and tested positive for Kratom. (Compl. at 2.) Mecom further alleges that "they" refused to "lab [the] positive tests or retest" those who tested

[1] Mecom does not allege whether she was a pretrial detainee or a post-conviction inmate when the events at issues allegedly occurred. (*See* Compl.)

positive. (*Id.*) As a result, Mecom was allegedly taken off Suboxone[2] and later suffered four seizures in one week. (*Id.*) Mecom further claims that although she was "placed in medical" for her seizures, she "didn't even see a doctor." (*Id.*) According to Mecom, she and other inmates at SWVRJ-Abingdon "have dealt [with] discrimination" for being on Suboxone. (*Id.*)

On April 7, 2025, Mecom executed her complaint. (Compl. at 3.) On March 2, 2026, Defendants filed their motion to dismiss. (ECF No. 14.) Although Mecom was provided notice of the motion, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam) (*see* ECF No. 17), she did not file a response in opposition.[3] The motion to dismiss is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court

[2] Suboxone is used to treat opioid dependence. Drugs.com, Suboxone, available at https://www.drugs.com/suboxone.html (last visited August 14, 2026).

[3] Indeed, Mecom has not filed anything on the docket since May 27, 2025. (*See* ECF No. 7.)

"must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Mecom is pursuing her claims against Defendants under 42 U.S.C. § 1983, which permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated her rights under the Constitution or laws of the United States. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

### A. SWVRJA-Abingdon

As noted, Mecom has sued SWVRJ-Abingdon, but her claims against this Defendant must fail. SWVRJ-Abingdon, as a local jail facility, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and "lacks the capacity to be sued as a jail."). Accordingly, the court will grant the motion to dismiss as to SWVRJ-Abingdon.

### A. Tatum and Kilgore

Mecom has also sued Tatum and Kilgore. (*See* Compl. at 1.) As discussed, a plaintiff asserting a § 1983 claim must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See Trulock*, 275 F.3d at 402; *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Stated differently, a plaintiff may not "rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 582 (M.D.N.C. 2020) (cleaned up).

Apart from listing Tatum and Kilgore on her form complaint, Mecom does not allege any conduct attributable to either of these Defendants. (*See* Compl.) Without specific allegations regarding their conduct, Mecom has not alleged facts that, if true, would show that Tatum or Kilgore violated her constitutional rights. Accordingly, the court will grant the motion to dismiss as to Tatum and Kilgore. Having already granted the motion to dismiss as to SWVRJ-Abingdon, the court will dismiss this entire action.

## IV. CONCLUSION

For the reasons stated above, the court will grant Defendants' motion to dismiss.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE